**TAYLOR & GOMEZ LLP**
Dominic Gomez, SBN: 024808
1202 East Maryland Avenue, Suite 2E
Phoenix, Arizona 85014
Phone: 602-394-8930 Fax: 480-505-3976
E-mail: dg@taylorgomezlaw.com

*Attorney for Plaintiff*

Taylor & Gomez LLP
4022 East Broadway Road, Suite 113 Phoenix, AZ 85040
Phone 602.394.8930 Fax 602.957.3257

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Maria Lerma Santos, surviving Wife of Decedent, Joseph Santos,<br><br>Plaintiff,<br><br>v.<br><br>City of Scottsdale; Zack Ryan Fielding; John Does I-X; and Jane Does 1-X,<br><br>Defendants. | No.: CV-26-04252-PHX-MTL<br><br>**THIRD AMENDED COMPLAINT**<br><br>**(The Honorable Michael T. Liburdi)**<br><br>**(Jury Demand)** |

Plaintiff, Maria Lerma Santos ("Plaintiff Santos" or "Plaintiff"), surviving Wife of Decedent, Joseph Santos ("Decedent Joseph Santos", "Decedent Santos", or "Decedent") and Administrator of the Estate, by and through undersigned counsel, hereby files this Third Amended Complaint and alleges as follows:

1. This Court has jurisdiction pursuant to Arizona Revised Statutes Section ("A.R.S.") § 12-123 and Arizona's Wrongful Death Statutes, A.R.S. §§ 12-611, et seq. and 28 U.S.C. § 1446 and 42 U.S.C. § 1983.
2. At the time of the filing of the Original Complaint in State Court, Plaintiff's damages are/were more than sufficient for the minimum jurisdictional limits of the Maricopa

Taylor & Gomez LLP
4022 East Broadway Road, Suite 113 Phoenix, AZ 85040
Phone 602.394.8930 Fax 602.957.3257

County Superior Court.

3. The acts and events giving rise to the claims mentioned herein occurred in the County of Maricopa, State of Arizona; Defendants' principal place of operations and employment are in the jurisdiction of the Maricopa County Superior Court; and all Defendants are subject to the personal jurisdiction of this Court in accordance with Arizona/Federal law and the Arizona/Federal Rules of Civil Procedure.
4. Venue is proper in this Court pursuant to A.R.S. § 12-401 and 28 U.S.C. § 1391.
5. Plaintiff complied with the Notice of Claim Statute, A.R.S. § 12-821.01, but Defendants failed to respond within sixty (60) days to the Notice of Claim; as such, pursuant to subsection E of the Notice of Claim Statute, Plaintiff's Notice of Claim is deemed denied by Defendants.
6. In regards to the Original Complaint in State Court and the applicable Discovery Tier, the characteristics of this Case and damages claimed qualify it as a Tier 3 Case for purposes of Rules 8(b)(2) and 26.2(c)(3) of the Arizona Rules of Civil Procedure.
7. At all relevant times, Plaintiff is/was a resident of the County of Maricopa, State of Arizona.
8. Plaintiff is a proper wrongful death statutory plaintiff and beneficiary pursuant to A.R.S. § 12-612(A), as surviving Wife of Decedent Joseph Santos.
9. Plaintiff filed a Petition for Appointment of Administrator and Probate of Estate in the Gila River Indian Community and was duly appointed/ordered by the Gila River Indian Community Court to serve as Administrator for the Estate of Joseph Steven Santos (Decedent).
10. On the date of the incident at issue and his death, March 7, 2025, Decedent Joseph Santos, an enrolled member with the Gila River Indian Community, was residing in the County of Maricopa, State of Arizona.
11. At all relevant times, Defendant, City of Scottsdale ("Defendant Scottsdale"), is a

Taylor & Gomez LLP
4022 East Broadway Road, Suite 113 Phoenix, AZ 85040
Phone 602.394.8930 Fax 602.957.3257

municipal governmental entity with its principal location at City Clerk, 3939 North Drinkwater Blvd., Scottsdale, Arizona 85251.

12. At all relevant times, Defendant Scottsdale operates and is responsible for the Scottsdale Police Department ("Defendant Scottsdale Police").

13. On September 2, 2025, Defendant Scottsdale was timely served by private process server with Plaintiff's Notice of Claim.

14. At all relevant times, Defendant Zack Ryan Fielding ("Defendant Fielding") was employed by Defendant Scottsdale/Defendant Scottsdale Police and caused this incident and Decedent Santos's death, which occurred in the County of Maricopa, State of Arizona.

15. At all relevant times on the date of the incident at issue, Defendant Fielding was working within the scope of his employment with Defendant Scottsdale/Defendant Scottsdale Police.

16. On the date of the incident, any and all relevant Defendant Scottsdale employees/agents, namely and including, Defendant Fielding, deprived Decedent Santos of his constitutional rights while acting under color of state law. 42 U.S.C. § 1983.

17. On April 1, 2026, Defendant Fielding was timely served by private process server with Plaintiff's Notice of Claim.

18. On the date of the incident and subsequently thereafter, Plaintiff was not provided by Defendant Scottsdale with the name of the Defendant Scottsdale Police Officer that shot and killed her Husband; as such, Plaintiff was forced to make a Public Records Request with Defendant Scottsdale Police.

19. In order to obtain the Police Report at issue from Defendant Scottsdale Police, Plaintiff went in person to the Scottsdale Police Public Records Department multiple times (8401 East Indian School Road, Scottsdale, Arizona 85251), called the

Taylor & Gomez LLP
4022 East Broadway Road, Suite 113 Phoenix, AZ 85040
Phone 602.394.8930 Fax 602.957.3257

Scottsdale Police Public Records Department multiple times, and sent multiple follow-up e-mails to the Scottsdale Police Public Records Department; as such, Plaintiff exercised due diligence in obtaining the Defendant Scottsdale Police Report here.

20. Specifically, on August 11, 2025, Plaintiff went in person to Scottsdale Police Public Records Department and requested the Defendant Scottsdale Police Report at issue in this Case; Scottsdale Police Public Records would not release the Police Report at issue to Plaintiff on August 11, 2025.

21. Specifically, on August 15, 2025, Plaintiff went in person and called Scottsdale Police Public Records Department, but the Scottsdale Police Report was not released to Plaintiff.

22. Specifically, on August 18, 2025, 12:06pm, Plaintiff went in person to the Scottsdale Police Public Records Department and paid a $32.00 fee she was being charged; Scottsdale Police Public records would not release the Police Report at issue to Plaintiff on August 18 , 2025.

23. Specifically, on August 21, 2025, Plaintiff called the Scottsdale Police Public Records Department, but was told by Scottsdale Police Public Records that the Police Report at issue was not ready to be released to her.

24. Specifically, on both August 26, 2025 and August 27, 2025, Plaintiff called the Scottsdale Police Public Records Department, but was told by Scottsdale Police Public Records that the Police Report at issue was not ready to be released to her.

25. Specifically, on September 11, 2025, Plaintiff e-mailed the Scottsdale Police Public Records Department to follow up on the Police Report and, on September 14, 2025, the Scottsdale Police Public Records Department responded via e-mail: "Maria, We did receive your payment and are working on your request. We will call as items are available for pick up. Thank you. SPD Records".

Taylor & Gomez LLP
4022 East Broadway Road, Suite 113 Phoenix, AZ 85040
Phone 602.394.8930 Fax 602.957.3257

26. Specifically, on September 25, 2025, Plaintiff e-mailed the Scottsdale Police Public Records Department to follow up on the Police Report and, on September 25, 2025, the Scottsdale Police Public Records Department responded via e-mail: "Hello Maria, Requests are completed in the order they are received, so often it may take multiple months to receive results. In this instance as the report is an officer involved shooting it additionally must be approved by our PIO office prior to being released by records. -SPD Records."

27. Specifically, on October 13, 2025, Plaintiff e-mailed the Scottsdale Police Public Records Department to follow up on the Police Report and, on October 13, 2025, the Scottsdale Police Public Records Department responded via e-mail: "Maria, We are still processing your request. I'm hoping to have an update soon and will let you know. Thank you."

28. After filing this lawsuit, Plaintiff finally, on March 17, 2026, at 12:46pm, received the e-mail from Defendant Scottsdale Police Public Records, stating as follows: "The report and 911 audio related to 2505055 is ready to be picked up. They will be available at our Customer Service Window, open Mon-Thur 8am-4pm. You will need to bring a government issued ID with you."

29. On or about March 19, 2026, Plaintiff picked up the Police Report (Paper) and 911 Audio (on a CD) in this matter from Defendant Scottsdale Police Records.

30. In obtaining said Police Report, on March 19, 2026, Plaintiff discovered Defendant Fielding's partial name and identity (Sgt. Fielding #1378). Defendant Fielding's full name, first name, and contact information were not provided in Defendant Scottsdale Police's Report.

31. Defendant Fielding's full name, first name, and contact information were only learned and discovered by running two background checks (WhitePages and Spokeo) on April 1, 2026. As such, the Discovery Rule applies and the claim against

Taylor & Gomez LLP
4022 East Broadway Road, Suite 113 Phoenix, AZ 85040
Phone 602.394.8930 Fax 602.957.3257

Defendant Fielding began accruing at the earliest on March 19, 2026, and possibly as late as April 1, 2026. *See* Arizona Revised Statutes Section 12-821.01(B).

32. As noted above in Paragraph 16, on April 1, 2026, Defendant Fielding was timely served by private process server with Plaintiff's Notice of Claim. Defendant Fielding failed to respond to Plaintiff's Notice of Claim.

33. Defendants, JOHN DOES 1-10 and JANE DOES 1-10 are persons, partnerships, corporations, limited liability companies or unincorporated entities subject to suit in a common name whose names are unknown to Plaintiff and who are, therefore, designated by fictitious names pursuant to Rule 10(f), Arizona Rules of Civil Procedure. Plaintiff will ask leave of the Court to substitute the true names of the said parties prior to the entry of Judgment herein.

34. At all relevant times, including the date of the incident at issue, Defendant Scottsdale is/was vicariously liable, under the doctrines of *respondeat superior*, nondelegable duties, agency, and any other applicable legal theories, for the actions, inactions, torts, negligence, gross negligence, recklessness, legal violations, conduct, etc. of any applicable Defendant Scottsdale and Defendant Scottsdale Police employees and agents, namely and including Defendant Fielding.

35. On March 7, 2025, at the time of this incident and his death, Decedent Joseph Santos was only 42-years-old. He had just recently turned 42-years-old on February 27, 2025.

36. Decedent Joseph Santos and his Family, including Plaintiff, had been staying and residing at the Hotel Bixby.

37. At the time of the incident at issue, it must be noted clearly that Decedent Joseph Santos was unarmed and did not have a gun.

38. Upon information and belief, based on what has been reported, on the date of the

Taylor & Gomez LLP
4022 East Broadway Road, Suite 113 Phoenix, AZ 85040
Phone 602.394.8930 Fax 602.957.3257

incident at issue, there was an allegation by an unknown third party of a disagreement at a nearby gas station between the unknown third party and Decedent Joseph Santos.

39. Upon information and belief, based on what has been reported, this unknown third party alleged that Decedent Joseph Santos had a gun. This allegation turned out to be inaccurate.

40. After the disagreement with the unknown third party, Decedent Joseph Santos headed back home to the Hotel Bixby.

41. The incident at issue was captured by Defendant Scottsdale Police Officers' body-worn cameras, although it should be noted that Defendant Scottsdale Police Report notes that multiple Defendant Scottsdale Police Officers either did not have their body cameras on them or activated at the time of this incident. Upon information and belief, any Defendant Scottsdale Police Officers, who did not have their body cameras on them or activated at the time of this incident, violated Defendant Scottsdale Police Policies and Procedures in this regard.

42. The City of Scottsdale/Scottsdale Police Department has released to the public a few edited, short videos of body-worn camera footage, but has redacted any acknowledgment that Decedent Joseph Santos did not have a gun on his person or in his vehicle. https://www.youtube.com/watch?app=desktop&v=Kpx3z21Kj1E&pp=0gcJCRsBo7VqN5tD

43. The publicly-released body-worn camera footage shows Decedent Joseph Santos

arriving at the scene in his vehicle. Decedent Joseph Santos parked behind a patrol car and was then boxed in by an unmarked patrol vehicle. At the Hotel Bixby, Decedent Joseph Santos, sitting in his vehicle, was surrounded by Defendant Scottsdale Police Officers.

44. Despite no visual that Decedent Joseph Santos had a weapon on his person or in the vehicle, Defendant Scottsdale Police Officers drew their weapons and approached the front passenger side window of the vehicle.

45. Multiple Defendant Scottsdale Police Officers were shouting commands at Decedent Joseph Santos, leading to a loud and confusing environment.

46. It was at that time that the Defendant Scottsdale Police K-9 Rocco was not properly controlled and handled and was allowed to go into Decedent Santos's vehicle and viciously attack Decedent Santos. Detective J. Maynes stated that he saw Rocco biting Decedent Santos's right arm. It appears after that Defendant Fielding then began shooting his lethal gun, striking both Decedent Santos and Rocco, again without any confirmation that Decedent Santos had a weapon on him or in his vehicle. As to Decedent Santos, sadly these shots were fatal.

47. According to the Scottsdale Police Department Report, at the scene of the incident, Defendant Fielding was asked the following questions and provided the following answers:

"Q1. Are you aware of anyone who is injured and where are they located?

A1. Yeah, the driver. He's out with fire.

Taylor & Gomez LLP
4022 East Broadway Road, Suite 113 Phoenix, AZ 85040
Phone 602.394.8930 Fax 602.957.3257

Q2. Did you fire your Gun?

A2. I did.

Q3. Which direction?

A3. Eastbound.

Q4. Do you know if any other officers, citizens, suspects fired their guns or used force?

A4. I don't think so.

Q5. Are there any suspects outstanding?

A5. No."

48. Upon information and belief, the Defendant Scottsdale Police Report indicates that Defendant Fielding alleged he did not know how many shots he fired, but Detective J. Maynes stated in the Police Report that he "heard approximately 6-8 gunshots."

49. Upon information and belief, Defendant Fielding is the only Defendant Scottsdale Police Officer to fire lethal and/or non-lethal weapons at Decedent Santos on the date of the incident.

50. Detective J. Maynes stated that he "observed [Decedent] to be bleeding from his chest area as well as completing short breaths." After being shot by Defendant Fielding, Mr. Santos was still handcuffed, as such there was a deliberate and intentional delay in providing Mr. Santos with CPR/medical attention.

51. Decedent Joseph Santos's Death Certificate states that his MANNER OF DEATH was "HOMICIDE", IMMEDIATE CAUSE OF DEATH was "MULTIPLE

Taylor & Gomez LLP
4022 East Broadway Road, Suite 113 Phoenix, AZ 85040
Phone 602.394.8930 Fax 602.957.3257

Taylor & Gomez LLP
4022 East Broadway Road, Suite 113 Phoenix, AZ 85040
Phone 602.394.8930 Fax 602.957.3257

GUNSHOT WOUNDS", and APPROXIMATE INTERVAL was "RAPID".

52. Since the incident, public attention has focused on the Defendant Scottsdale Police shooting and killing an unarmed man in his car during a traffic stop, as evinced by the following headlines:

**<u>Scottsdale police shoot, kill unarmed man in his car.</u>**[1]

**<u>Scottsdale police shoot suspect after traffic stop confrontation.</u>**[2]

**<u>COUNT 1: WRONGFUL DEATH (ALL DEFENDANTS)</u>**

53. Plaintiff re-alleges Paragraphs 1-51 of this Complaint and incorporates each allegation by reference as if fully set forth herein.

54. Decedent Santos is survived by his Wife, Plaintiff Santos, the statutory wrongful death Plaintiff herein.

55. Plaintiff is a surviving beneficiary under the Arizona Wrongful Death Statutes and is entitled to recover damages from Defendants for the wrongful death of Decedent Santos.

56. All Defendants are liable for Decedent Santos's wrongful death for committing wrongful act(s), neglect, and/or default(s), see Arizona Revised Statutes Section 12-611.

57. All Defendants proximately and directly caused and/or contributed to Decedent Santos's wrongful death.

1 https://www.phoenixnewtimes.com/news/video-scottsdale-police-shoot-kill-unarmed-man-in-his-car-21541498
2 https://www.12news.com/article/news/crime/suspect-shot-killed-by-scottsdale-police-after-threatening-person-with-gun-police-say/75-48ec843f-fd22-4a50-872a-ee802d37a2a4

Taylor & Gomez LLP
4022 East Broadway Road, Suite 113 Phoenix, AZ 85040
Phone 602.394.8930 Fax 602.957.3257

58. Defendant Scottsdale and its Police Department are responsible and vicariously liable for the failures, actions, inactions, torts, negligence, gross negligence, recklessness, legal violations, of their involved Police Officers, employees, agents, etc., including Defendant Fielding. Defendant Scottsdale and its Police Department maintained a pattern of policies and customs and practices and failed to take corrective action.

59. Defendant Fielding was carrying out law enforcement duties under the control of Defendant Scottsdale and its Police Department at the time of the incident at issue.

60. It is alleged that the Defendant Scottsdale and its Police Department will also be found to be independently negligent/liable here under such theories as negligent hiring, negligent retention, negligent training, negligent supervision, etc. Defendant Scottsdale's independent negligence was a proximate and direct cause of Decedent's death and Plaintiff's damages.

61. Decedent Joseph Santos was unarmed, and was therefore not a threat to the Defendant Scottsdale Police Officers, including Defendant Fielding, or their lives. To employ deadly force, police officers must have "an objectively reasonable basis to fear for their own safety," or they may be liable for their use of force. *Villanueva v. California*, 986 F.3d 1158 (9th Cir. 2021).

62. Defendant Fielding is liable because he appears to have been the only Defendant Scottsdale Police Officer that fired on Decedent Santos on the date of the incident; as such, his judgment to shoot and use lethal force on Decedent Santos was inaccurate, wrong, wrongful, and deadly.

Taylor & Gomez LLP
4022 East Broadway Road, Suite 113 Phoenix, AZ 85040
Phone 602.394.8930 Fax 602.957.3257

63. Moreover, Defendant Fielding is liable because he shot and killed Decedent Santos at a time when Decedent Santos was already being attacked and subdued by the Police K-9; it was unnecessary, unreasonable, unjustified, and wrongful for Defendant Fielding to shoot to kill at that time.

64. Defendant Fielding is liable because his shots, on the date of the incident, were unsteady and lacking in control and precision, as Defendant Fielding shot both Decedent Santos (lethal) and the Police K-9 (injured).

65. As a result therefrom, Plaintiff has suffered damages including but not limited to: (i) the loss of love, affection, care, protection from the time of Decedent's death and in the future, (ii) pain, grief, sorrow, anguish, stress, shock and mental suffering from the time of Decedent's death and in the future; (iii) income and/or services already lost as a result of Decedent's death and reasonably probably to be lost in the future; (iv) funeral and burial expenses; and/or (v) expenses incurred for reasonable and necessary medical care and services for the injury that resulted in Decedent's wrongful death; etc. All of these damages were suffered and are recoverable in this action in accordance with Arizona's Wrongful Death Statutes, A.R.S. §§ 12-611, et seq.

**<u>COUNT 2: ASSAULT AND BATTERY (ALL DEFENDANTS)</u>**

66. Plaintiff re-alleges Paragraphs 1-64 of this Complaint and incorporates each allegation by reference as if fully set forth herein.

67. On March 7, 2025, Defendant Scottsdale Police and Defendant Fielding intentionally assaulted, battered, and killed Decedent Joseph Santos.

68. Decedent Santos was placed in reasonable fear of immediate harmful contact and was subjected to actual unwanted, harmful, offensive, and deadly physical contact by Defendant Scottsdale Police and Defendant Fielding on the date of the incident.

69. Defendant Fielding was carrying out law enforcement duties under the control of

Taylor & Gomez LLP
4022 East Broadway Road, Suite 113 Phoenix, AZ 85040
Phone 602.394.8930 Fax 602.957.3257

Defendant Scottsdale and its Police Department at the time of the incident at issue.

70. Defendant Scottsdale and its Police Department are responsible and vicariously liable for the actions and intentional torts of their involved Police Officers, employees, agents, etc., including Defendant Fielding.

71. The assault and battery here proximately and directly caused Decedent Santos's death and substantial harm and damages to Plaintiff Santos.

**COUNT 3: NEGLIGENCE/GROSS NEGLIGENCE (DEFENDANT SCOTTSDALE)**

72. Plaintiff re-alleges Paragraphs 1-70 of this Complaint and incorporates each allegation by reference as if fully set forth herein.

73. It is alleged that Defendant Scottsdale and its Police Department are independently negligent/liable here under such theories as negligent hiring, negligent retention, negligent training, negligent supervision, etc. of its employees and agents, including Defendant Fielding.

74. Defendant Scottsdale and its Police Department are/were negligent and/or grossly negligent in hiring, retaining, training, and/or supervising Defendant Fielding.

75. On the date of the incident, Defendant Fielding appears to have been the only Defendant Scottsdale Police Officer that fired on Decedent Santos; as such, his judgment, training, and readiness were flawed, inaccurate, wrong, wrongful, and deadly in that he was the only one to shoot and use lethal force on Decedent Santos.

76. Defendant Scottsdale and its Police Department's negligent and/or grossly negligent hiring, retaining, training, and/or supervising of its employees, including Defendant Fielding, were a direct and proximate cause of Decedent Santos's death and Plaintiff's substantial damages/harm.

**COUNT 4: EXCESSIVE FORCE/FOURTH AMENDMENT VIOLATION(S) (DEFENDANT FIELDING)**

Taylor & Gomez LLP
4022 East Broadway Road, Suite 113 Phoenix, AZ 85040
Phone 602.394.8930 Fax 602.957.3257

77. Plaintiff re-alleges Paragraphs 1-75 of this Complaint and incorporates each allegation by reference as if fully set forth herein.
78. Decedent Joseph Santos was unarmed, and was therefore not a threat to the Defendant Scottsdale Police Officers, including Defendant Fielding, or their lives. To employ deadly force, police officers must have "an objectively reasonable basis to fear for their own safety," or they may be liable for their use of force. *Villanueva v. California*, 986 F.3d 1158 (9th Cir. 2021).
79. On March 7, 2025, Defendant Fielding used excessive force in firing lethal and deadly shots at Decedent Joseph Santos and was the direct and proximate cause of his death and Plaintiff's substantial damages/harm; the use of deadly force by Defendant Fielding was objectively unreasonable and disproportionate.
80. Defendant Fielding alleged he did not know how many shots he fired, but Detective J. Maynes stated in the Police Report that he "heard approximately 6-8 gunshots." In other words, according Detective J. Maynes, Defendant Fielding fired 6-8 lethal shots at Decedent Santos on the date of the incident.
81. Lethal force was used by Defendant Fielding even though Decedent Santos was already being attacked and subdued by the Police K-9 in Decedent Santos's vehicle; it was excessive, unnecessary, unreasonable, unjustified, and wrongful for Defendant Fielding to shoot to kill at that time.
82. In using excessive and deadly force upon Decedent Joseph Santos on the date of the incident, Defendant Fielding has violated the Fourth Amendment of the United States Constitution and Federal/State Law.

**COUNT 5: DELIBERATE INDIFFERENCE TO MEDICAL NEEDS/VIOLATION(S) OF FOURTEENTH AMENDMENT (ALL DEFENDANTS)**

83. Plaintiff re-alleges Paragraphs 1-81 of this Complaint and incorporates each

Taylor & Gomez LLP
4022 East Broadway Road, Suite 113 Phoenix, AZ 85040
Phone 602.394.8930 Fax 602.957.3257

allegation by reference as if fully set forth herein.

84. On March 7, 2025, Defendant Scottsdale and Defendant Fielding were deliberately indifferent to Decedent Santos's obvious emergent medical needs, handcuffing Decedent Santos after he was shot lethally by Defendant Fielding and failing to timely perform CPR and failing to timely provide him with necessary medical attention.

85. Defendant Scottsdale Police Detective J. Maynes admitted in the Police Report that he "observed [Decedent] to be bleeding from his chest area as well as completing short breaths." As such, Defendant Scottsdale, including Defendant Fielding, had clear and obvious notice that Decedent Santos had emergent medical needs and necessary and emergent medical attention was required and needed.

86. Nevertheless, despite knowing the risks, Defendant Scottsdale and Defendant Fielding unreasonably delayed and deprived Decedent Santos of the medical attention that he needed.

87. As noted above, Defendant Scottsdale and its agents/employees, including Defendant Fielding, failed to timely perform CPR on Decedent Santos and failed to timely provide Decedent Santos with necessary medical attention.

88. Defendant Scottsdale and its employees/agents, including Defendant Fielding, had the opportunity, but were deliberately indifferent to Decedent Santos's serious medical needs.

89. Plaintiff does not know which Hospital, if any, Defendant Scottsdale took Decedent to after the incident, in which he was attacked by the Police K-9 and shot by Defendant Fielding.

90. Defendant Scottsdale's failure to timely take Decedent Santos to the Hospital after this serious/critical incident, if at all, deprived him of his constitutional rights.

91. In being deliberately indifferent to Decedent Santos's obvious emergent medical

Taylor & Gomez LLP
4022 East Broadway Road, Suite 113 Phoenix, AZ 85040
Phone 602.394.8930 Fax 602.957.3257

needs, Defendant Scottsdale and Defendant Fielding have violated the Fourteenth Amendment of the United States Constitution and Federal/State Law and directly and proximately caused Decedent Santos's death and Plaintiff's damages/harm.

**<u>COUNT 6: *MONELL* LIABILITY (DEFENDANT SCOTTSDALE)</u>**

92. Plaintiff re-alleges Paragraphs 1-91 of this Complaint and incorporates each allegation by reference as if fully set forth herein.
93. Plaintiff alleges that Defendant Scottsdale is subject to *Monell* liability under 42 U.S.C. § 1983.
94. Defendant Scottsdale's formal written policies, widespread customs or practices, and/or severe lack of training/supervision were a moving force behind the constitutional injury.
95. Prior cases, such as DOMINGUEZ v. CITY OF SCOTTSDALE (D. Ariz. 2022) No. CV-21-00089-PHX-SRB (MTM), show that there are formal written policies, widespread customs or practices, and/or severe lack of training/supervision by Defendant Scottsdale and its Police Department, which result in constitutional injuries to the public, including Decedent Santos.
96. Accordingly, Defendant Scottsdale and its Police Department are subject to *Monell* liability in this Case.
97. On March 7, 2025, Defendant Scottsdale Police and Defendant Fielding caused Decedent Santos's death by wrongful act, neglect, and/or default. *See* Arizona Revised Statutes Section 12-611.
98. Decedent Joseph Santos is survived by his Wife, Plaintiff Santos, the statutory wrongful death Plaintiff herein.
99. Plaintiff Santos is a surviving beneficiary under the Arizona Wrongful Death Statutes and is entitled to recover damages from Defendants for the wrongful death

Taylor & Gomez LLP
4022 East Broadway Road, Suite 113 Phoenix, AZ 85040
Phone 602.394.8930 Fax 602.957.3257

of Decedent Joseph Santos. As pled above, Plaintiff is also the duly appointed Administrator for the Estate of Joseph Steven Santos (Decedent).

100. The negligent, grossly negligent, intentional, indifferent, and/or excessive acts and omissions directly and proximately caused and/or contributed to Decedent Joseph Santos's wrongful death.

101. All Defendants are liable for Decedent Joseph Santos's wrongful death for committing wrongful act(s), neglect, and/or default(s), *see* A.R.S. § 12-611.

102. In the incident at issue, Decedent Santos's vehicle was damaged by Defendants and Decedent Santos's vehicle has not been returned to Plaintiff.

103. All Defendants are liable for Plaintiff's damages, economic damages, non-economic damages, physical pain and suffering of Decedent, mental anguish and fear of Decedent, etc.

104. As a result therefrom, Plaintiff has suffered damages including but not limited to: (i) the loss of love, affection, care, protection from the time of Decedent's death and in the future, (ii) pain, grief, sorrow, anguish, stress, shock and mental suffering from the time of Decedent's death and in the future; (iii) income and/or services already lost as a result of Decedent's death and reasonably probably to be lost in the future; (iv) funeral and burial expenses; and/or (v) expenses incurred for reasonable and necessary medical care and services for the injury that resulted in Decedent's wrongful death; etc. All of these damages were suffered and are recoverable in this action in accordance with Arizona's Wrongful Death Statutes, A.R.S. §§ 12-611, et

Taylor & Gomez LLP
4022 East Broadway Road, Suite 113 Phoenix, AZ 85040
Phone 602.394.8930 Fax 602.957.3257

seq.

105. Decedent Santos was providing income to his Family, including Plaintiff, by way of work income with the Arizona Labor Force, Inc., and also Tribal income. Due to his death, Plaintiff has been deprived of financial support of her Husband, Decedent Joseph Santos.

**RELIEF REQUESTED**

Wherefore, Plaintiff prays that judgment be entered against Defendants, and each of them, as follows:

1. For any and all of Plaintiff's damages pursuant to Arizona Revised Statutes Section 12-613;
2. For Plaintiff's general damages in a sum which would fully and fairly compensate Plaintiff for the injuries and damages;
3. For Plaintiff's past and future special damages;
4. Past and future loss of love, affection, companionship, care, protection, support and guidance suffered by Plaintiff;
5. Past and future pain, grief, sorrow, stress, shock, and mental suffering suffered by Plaintiff;
6. Past and future loss of income and services suffered by Plaintiff;
7. Expenses of funeral and burial for Decedent;
8. Expenses incurred for reasonable and necessary medical care and services for the injury that resulted in Decedent's wrongful death;
9. Punitive damages against Defendant Fielding to the extent permitted by law;
10. Taxable costs and fees pursuant to 42 U.S.C. § 1988, A.R.S. § 12-341, A.R.S. § 12-823, and all other applicable rules and statutes;
11. Pre-judgment and post-judgment interest at the highest legal rate, *see* A.R.S. § 12-823;
12. And for any and all other relief the Court deems just and proper.

**DATED** this ___**11th**_____ day of September, 2026.

**TAYLOR & GOMEZ LLP**

By____**/s/Dominic Gomez, Esq.__________________**
Dominic Gomez, Esq.
*Attorney for Plaintiff, Maria Lerma Santos*

**JURY DEMAND**

Plaintiff, by counsel, respectfully demands a Trial by Jury on all issues raised in the Complaint.

**DATED** this ___**_11th_**_____ day of September, 2026.

**TAYLOR & GOMEZ LLP**

By____**/s/Dominic Gomez, Esq.__________________**
Dominic Gomez, Esq.
*Attorney for Plaintiff, Maria Lerma Santos*

**CERTIFICATE OF SERVICE**

I hereby certify that, on September 14, 2026, I electronically submitted the attached document to the Clerk's Office using the CM/ECF System for filing and distribution to the following parties:

Laura A. Van Buren, Esq.

Taylor & Gomez LLP
4022 East Broadway Road, Suite 113 Phoenix, AZ 85040
Phone 602.394.8930 Fax 602.957.3257

Taylor & Gomez LLP
4022 East Broadway Road, Suite 113 Phoenix, AZ 85040
Phone 602.394.8930 Fax 602.957.3257

Suzanne Reed, Esq.
Kathleen L. Wieneke, Esq.
Wieneke Law Group
1225 West Washington Street, Suite 313
Tempe, Arizona 85288
*Attorneys for Defendants*

By: **/s/ Dominic Gomez, Esq.**